PACIFIC NATIONAL FIRE INSURANCE CO., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, ÁNGEL FIOL NEGRÓN, JUDGE, Respondent.

No. 2111.   Argued November 3, 1954.—Decided June 30, 1955.

*Pedro Nelson Colberg* for petitioner.   *Felipe Marchand González* for plaintiff in the main action.

PER CURIAM.

On October 13, 1953, Porfirio Ramírez Ramírez filed an action in the Superior Court of Puerto Rico, Mayagüez Part, for collection of money pursuant to the terms of a fire insurance policy which he held with petitioner herein.   Summoned on October 29, petitioner filed a motion to dismiss on January 15, 1954—through his attorney, Mr. Pedro Nelson Colberg—which was denied on February 2, 1954, defendant being granted a term of ten days to answer the complaint.

Defendant failed to answer, and on March 8, 1954, the plaintiff moved for and obtained the entry of the default.

On May 3 following, the Court, on motion of the defendant filed on April 29, set aside the default entered, and admitted ·the answer submitted. In its motion, the defendant stated, among other grounds, the following:

"That Mr. Pedro Nelson Colberg is also a member of the Legislature and of the Finance Committee and of other permanent committees of the House of Representatives, which is in session, and has had an intense and exhaustive work in said legislative body, which has taken a great deal of his time, preventing him from giving proper attention to this case."

And immediately it adds:

"That Mr. Manuel Abreu Castillo has been joined in this case as attorney in order that together with Mr. Pedro Nelson Colberg he may give due attention and take the proper steps in the prosecution of this case."

The aforesaid motion which was prepared in "San Juan for Mayagüez, Puerto Rico . . .", and subscribed by Mr. Abreu Castillo, contains the names of both attorneys and at the bottom it reads: "Counsel for the Defendant, Box 4646, San Juan, P. R." The same thing was stated in the answer.

On May 7 the clerk of the Court notified "Pedro N. Colberg, Cabo Rojo, P. R." of the order setting the trial of the case for June 2 following at 9:00 A. M., and of a pre-trial conference for May 24 at 2:00 P. M.

On June 8, 1954, after plaintiff introduced his evidence, the trial court rendered judgment sustaining the complaint. At the beginning of its "Statement of the Case and Conclusions" said court set forth the following: "This case was called for trial on June 2 of the instant at which only plaintiff appeared, assisted by Mr. Felipe Marchand González. The defendant did not appear in any way, notwithstanding the fact that notice of the day set for trial was timely and properly served." Said judgment was notified on that same date to the defendant "b/w of its counsel, Mr. Pedro Nelson Colberg, Cabo Rojo, Puerto Rico."

The following day, June 9, Mr. Pedro Nelson ·Colberg, in representation of the defendant, moved the court to set aside the hearing of the case and the judgment rendered, stating in his motion that:

"Counsel of the defendant and subscriber of this motion is a member of the House of Representatives of the Legislature of Puerto Rico and during the last three weeks of the Regular Session of the Legislative Assembly the undersigned attorney was considering and attending to fundamental legislation of the Government of Puerto Rico and during that time he did not go to the town of Cabo Rojo where he has his residence, since at the time the Legislature of Puerto Rico worked seven days of the week.

"That the notice setting the date for the preliminary hearing as well as for the hearing of the case were addressed to Cabo Rojo and the undersigned attorney was not informed of the notice because he was in San Juan as before stated."

The motion was dismissed by the respondent court. On motion of the defendant, we issued the writ of certiorari in order to review said action. Rule 11 of the Rules of Civil Procedure provides in part that: "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated." In this case, as appears from the defendant's motion of April 29 to set aside the entry of default, the attorney of record until then, Pedro Nelson Colberg, appeared jointly with Mr. Manuel Abreu Castillo and both informed the court that the latter had joined the case in order to give, together with Colberg, "due attention and take the proper steps in the prosecution of this case."

As stated before, both attorneys gave their address as "Box 4646, San Juan, P. R.", and the motion is filed in "San Juan for Mayagüez . . .". We have already stated that the same details appear from the answer submitted with said motion.

Mr. Pedro Nelson Colberg is a member of the Legislative Assembly which was in session until May 31, 1954. By

reason of his work as a member of the Legislature and of the Finance Committee and of other permanent committees of the House of Representatives he deemed that—since a default had been entered already because of his failure to answer the complaint timely—in order to give due attention to the litigation in question, and considering the occupations which he personally was bound to attend as a member of the Legislative Assembly, it was advisable to join another attorney in the case. It was a prudent and praiseworthy action.

Once the court was informed of the address that both attorneys set forth in their briefs for that specific suit, it was the duty of the clerk to serve notice of any further order—such as the setting of the day for trial—at the address of said attorneys in San Juan. The notice of trial served on Mr. Colberg at Cabo Rojo was not, under the attendant circumstances, an effective notice. The statement of said attorney that he did not learn of the day set for trial because he did not go to his office in Cabo Rojo during the last three weeks of May because of his work in San Juan at the final stage of the session of the Legislative Assembly —which statement was not contradicted—was sufficient ground for the court to set aside the judgment rendered and the hearing held and to set a new day for trial.

In all fairness to the trial judge, we must state that an error of the clerk in the notice of the day set for trial led him to conduct the trial without the appearance of the defendant and to render judgment against it. Under the foregoing circumstances we hold that said judgment should be set aside and the parties summoned for trial in the case.